IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> CHRISTOPHER ALLAN STEINER, <br><br> Defendant. | CR 11-25-GF-BMM-01 <br><br> **FINDINGS AND RECOMMENDATIONS TO MODIFY DEFENDANT'S CONDITIONS OF SUPERVISED RELEASE** |

## I. Synopsis

Mr. Steiner was accused of violating his conditions of supervised release by 1) possessing a controlled substance, 2) associating with a person convicted of a felony, 3) using a controlled substance, 4) consuming alcohol on November 22, 2017, and 5) consuming alcohol on March 5, 2018. He admitted to violations 2 through 5. Mr. Steiner's supervised release should be revoked. Mr. Steiner should be sentenced to time-served, with supervised release to follow through October 17, 2019. As additional conditions of his supervised release, Mr. Steiner should be fitted with a Secure Continuous Remote Alcohol Monitor (SCRAM) bracelet for the first six months of his supervised release, and shall be subject to electronic location monitoring and home detention for the first six months of his supervised

1

release. Mr. Steiner should pay the cost of both of these conditions.

## II. Status

Mr. Steiner pleaded guilty of to the crime of Possession with Intent to Distribute and Distribution of Methamphetamine in June 2011. He was sentenced to sixty-two months of incarceration, followed by forty-eight months of supervised release. (Doc. 38). He began his term of supervised release on October 17, 2014.

On June 17, 2015, the United States Probation Office filed a Report of Offender under Supervision, notifying the Court that Mr. Steiner had failed to report for substance abuse testing and had tested positive for methamphetamine, though he denied any drug use. (Doc. 42).

On November 15, 2015, the United States Probation Office filed a petition asking the Court to revoke Mr. Steiner's supervised release. Mr. Steiner admitted to using alcohol and methamphetamine. He was allowed to remain on supervised release, but was placed on electronic location monitoring for four months. (Doc. 56).

**Petition**

On March 22, 2018, the United States Probation Office filed a petition asking the Court to revoke Mr. Steiner's supervised release. The petition alleged that on June 2, 2017, Mr. Steiner picked up a package addressed to another person

which contained synthetic marijuana. The petition also alleged that Mr. Steiner associated with that other person, who was a convicted felon, without permission from his probation officer. The petition further alleged that on June 7, 2017, Mr. Steiner admitted that he had used four bags of synthetic marijuana in the last four months, and tested positive for synthetic marijuana on June 5, 2017. The petition further alleged that on November 15, 2017, Mr. Steiner was a passenger in a vehicle stopped for a DUI, which had caused a nearby accident, and Mr. Steiner submitted to a breath test which revealed a BAC of .157. Finally, the petition alleged that on March 5, 2018, Mr. Steiner was found drinking in a tavern with a BAC of .159. (Doc. 59). Based on the petition, United States District Judge Brian Morris issued a warrant for Mr. Steiner's arrest. (Doc. 60).

**Initial appearance**

Mr. Steiner appeared before the undersigned on April 17, 2018, in Great Falls, Montana. Federal Defender David Ness accompanied him at the initial appearance. Assistant United States Attorney Jared Cobell represented the United States.

Mr. Steiner said he had read the petition and understood the allegations. Mr. Steiner waived the preliminary hearing, and the parties consented to the jurisdiction of a magistrate judge for the revocation hearing.

**Revocation hearing**

He neither admitted or denied the first violation, but admitted to violations 2 through 5 as alleged.  The United States did not put on any evidence with respect to violation 1, and therefore has not met its burden with respect to violation 1.  The United States has met its burden with respect to violations 2 through 5 through Mr. Steiner's admission.  The admitted violations are serious and warrant a sanction.

Mr. Steiner's violation grade is Grade C, his criminal history category is II, and his underlying offense is a Class B felony.  He could be incarcerated for up to thirty-six months.  He could be ordered to remain on supervised release for up to forty-eight months, less any custodial time imposed.  The United States Sentencing Guidelines call for four to ten months in custody.

Mr. Ness requested that Mr. Steiner receive an alternative sanction, arguing that incarceration would be inappropriate given Mr. Steiner's employment, the glowing letter submitted by his employer, his involvement with his child, and his efforts to get treatment on his own after drinking.  Mr. Ness suggested an additional year of supervised release (which was set to end on October 17, 2018), as well as a SCRAM bracelet and electronic location monitoring for six months. Mr. Steiner addressed the Court and said that he wants to prove he can succeed and has a lot going for him.  Mr. Cobell noted the several warnings Mr. Steiner had

already been given, but agreed that the suggested punishment including paying the cost of the additional monitoring was a satisfactory punishment.

### III.  Analysis

Mr. Steiner's supervised release should be revoked because he violated its conditions.  He should be sentenced to a term of time-served, with supervised release to follow through October 17, 2019.  The conditions of Mr. Steiner's supervised release should be modified to include a condition of electronic location monitoring for six months, as well as a SCRAM bracelet continuous alcohol monitoring for six months.  This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

### IV.  Conclusion

Mr. Steiner was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Mr. Steiner's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Steiner's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Mr. Steiner violated the conditions of his supervised release by 1) associating with a person convicted of a felony, 2) using a controlled

substance, 3) consuming alcohol on November 22, 2017, and 4) consuming alcohol on March 5, 2018.

The undersigned **RECOMMENDS:**

>The District Court should enter the attached Judgment, revoking Mr. Steiner's supervised release and committing Mr. Steiner to the custody of the United States Bureau of Prisons for a term of time-served, with supervised release to follow until October 17, 2019. The District Court should modify the conditions of Mr. Steiner's supervised release to include the following conditions:
>
>1. The offender shall be monitored by location monitoring technology at the discretion of the probation officer for a period of six months, and shall abide by all technology requirements. The participant shall pay all or part of the costs of participation in the location monitoring program as directed by the court and probation officer. This form of location monitoring technology shall be utilized to monitor the following restriction on the offender's movement in the community as well as other court-imposed conditions of release:
>
>   You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved in writing by the probation officer.
>
>2. The offender shall be subject to continuous alcohol monitoring by SCRAM bracelet for a period of six months, and shall abide by all technology requirements. The participant shall pay all or part of the costs of participation in the location monitoring program as directed by the court and probation

officer.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 20th day of April, 2018.

_____
John Johnston
United States Magistrate Judge