IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER ALLAN STEINER,<br><br>Defendant. | CR 11-25-GF-BMM-01<br><br>**FINDINGS AND RECOMMENDATIONS TO MODIFY DEFENDANT'S CONDITIONS OF SUPERVISED RELEASE** |

### I. Synopsis

Mr. Steiner was accused of violating his conditions of supervised release by 1) failing to participate in substance abuse testing, 2) using a controlled substance, 3) possessing a controlled substance, 4) failure to abide by location monitoring, 5) failing to participate in substance abuse testing by attempting to manipulate the test, and 6) failing to participate in substance abuse testing. He admitted to violations 2 through 5, and denied violations 1 and 6. Mr. Steiner's supervised release should be revoked. Mr. Steiner should be sentenced to six months in custody, with twenty-four months of supervised release to follow. Upon release, Mr. Steiner shall undergo a chemical dependency evaluation, and shall participate

1

in treatment as directed by the United States Probation Office. In addition, the first 180 days of his supervised release should be spent in a Residential Re-Entry Center, if he is eligble and as directed by the United States Probation Office.

## II. Status

Mr. Steiner pleaded guilty of to the crime of Possession with Intent to Distribute and Distribution of Methamphetamine in June 2011. He was sentenced to sixty-two months of incarceration, followed by forty-eight months of supervised release. (Doc. 38). He began his term of supervised release on October 17, 2014.

On June 17, 2015, the United States Probation Office filed a Report of Offender under Supervision, notifying the Court that Mr. Steiner had failed to report for substance abuse testing and had tested positive for methamphetamine, though he denied any drug use. (Doc. 42).

On November 15, 2015, the United States Probation Office filed a petition asking the Court to revoke Mr. Steiner's supervised release. Mr. Steiner admitted to using alcohol and methamphetamine. He was allowed to remain on supervised release, but was placed on electronic location monitoring for four months. (Doc. 56).

On March 22, 2018, the United States Probation Office filed a petition asking the Court to revoke Mr. Steiner's supervised release based on his admission

to using synthetic marijuana, association with a felon, and use of alcohol. (Doc. 59). Mr. Steiner was sentenced to time-served, with supervised release to continue until October of 2019, and with six months of supervised home detention. (Doc. 67).

**Petition**

On June 7, 2018, the United States Probation Office filed a petition asking the Court to revoke Mr. Steiner's supervised release. The petition alleged as follows:

1. On May 22, 2018, Mr. Steiner failed to participate in substance abuse testing because he would not produce enough saliva to register for a random drug test, and additionally did not provide a urine sample.

2. Mr. Steiner used a controlled substance between May 18 and May 22, 2018. He had a sweat patch placed on him on May 18, which was removed on May 22, 2018, and which tested positive for methamphetamine.

3. Mr. Steiner possessed a controlled substance between May 18 and May 22, 2018.

4. Mr. Steiner failed to abide by location monitoring after he had a fifteen minute authorized leave from his residence, which he stated was an emergency, but did not notify the probation officer of the emergency.

5. On June 12, 2018, Mr. Steiner reported for drug testing, but had hidden a plastic container on his person and had provided a urine sample from that container instead of his own.

6. On June 12, 2018, after the device was discovered, Mr. Steiner

refused to provide a urine sample.

(Doc. 69). Based on the petition, United States District Judge Brian Morris issued a warrant for Mr. Steiner's arrest. (Doc. 70).

**Initial appearance**

Mr. Steiner appeared before the undersigned on Jun 26, 2018, in Great Falls, Montana. Federal Defender David Ness accompanied him at the initial appearance. Assistant United States Attorney Jeff Starnes represented the United States.

Mr. Steiner said he had read the petition and understood the allegations. Mr. Steiner waived the preliminary hearing, and the parties consented to the jurisdiction of a magistrate judge for the revocation hearing.

**Revocation hearing**

At the revocation hearing, Mr. Steiner denied the first and sixth violations, but admitted to violations 2 through 5 as alleged. The United States did not put on any evidence with respect to violations 1 or 6, and therefore has not met its burden with respect to violations 1 or 6. The United States has met its burden with respect to violations 2 through 5 through Mr. Steiner's admission. The admitted violations are serious and warrant revocation.

Mr. Steiner's violation grade is Grade C, his criminal history category is II,

and his underlying offense is a Class B felony.  He could be incarcerated for up to thirty-six months.  He could be ordered to remain on supervised release for up to fifty-nine months, less any custodial time imposed.  The United States Sentencing Guidelines call for four to ten months in custody.

Mr. Ness requested that Mr. Steiner receive treatment followed by pre-release, and a custodial sentence of five months.  Mr. Steiner addressed the Court and said that treatment would be effective for him.  Mr. Starnes recommended a sentence of six months, noting that Mr. Steiner was deliberately deceptive and unsupervisable.

### III.  Analysis

Mr. Steiner's supervised release should be revoked because he violated its conditions.  He should be sentenced to a term six months in custody, with twenty-four months of supervised release to follow.  Upon release, Mr. Steiner shall undergo a chemical dependency evaluation, and shall participate in treatment as directed by the United States Probation Office.  In addition, the first 180 days of his supervised release should be spent in a Residential Re-Entry Center, if he is eligible and as directed by the United States Probation Office.  This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

## IV. Conclusion

Mr. Steiner was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within fourteen days of their issuance. The undersigned explained that Judge Morris would consider Mr. Steiner's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Steiner's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Mr. Steiner violated the conditions of his supervised release by 1) using a controlled substance, 2) possessing a controlled substance, 3) failure to abide by location monitoring, and 4) failing to participate in substance abuse testing by attempting to manipulate the test

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Steiner's supervised release and committing Mr. Steiner to the custody of the United States Bureau of Prisons for a term of six months, with twenty-four months of supervised release to follow. Upon release, Mr. Steiner shall undergo a chemical dependency evaluation, and shall participate in treatment as directed by the United States Probation Office. In addition, the first 180 days of his supervised release should be spent in a Residential Re-Entry Center, if he is eligble and as directed by the United States Probation Office.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND**

## RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 28th day of June, 2018.

John Johnston
United States Magistrate Judge